IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:21-cv-00512-M

| | |
|---|---|
| WILLIAM G. JACKSON III, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INNERBANKSLIVING.COM, et al., )<br>)<br>Defendant. )<br>) | **ORDER** |

This case is before the court on the Plaintiffs' failure to respond to the court's Order to Show Cause why this court should not dismiss their claims for lack of subject-matter jurisdiction. [DE 3]. On December 22, 2021, the court directed Plaintiffs to demonstrate that this court had subject-matter jurisdiction over their claims no later than January 25, 2022. Plaintiffs have not timely responded and have not otherwise prosecuted this action.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action for failure to prosecute, comply with the rules, or comply with a court order. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (internal quotations omitted); *see also Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing the same).

Four criteria guide a district court's discretion in dismissing a case under Rule 41(b). The court considers "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and

1

(4) the effectiveness of sanctions less drastic than dismissal." *Attkisson*, 925 F.3d at 625. First, the Plaintiffs have demonstrated a lack of personal responsibility by failing to respond to a court order. That alone has been deemed sufficient to dismiss a case for failure to prosecute. *See, e.g., Attkisson*, 925 F.3d at 625 ("This Court has previously upheld an involuntary dismissal under Rule 41(b) where the plaintiff 'failed to respond to a specific directive from the [trial] court.'"); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant."); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("Had petitioner failed to comply with a scheduling order or pay a filing fee established by a court of appeals, that court could certainly dismiss the appeal."). The court's Order to Show Cause expressly directed the Plaintiffs to demonstrate jurisdiction or the case would be dismissed. [DE 3]. Second, the court is unaware of any prejudice to the Defendants because they have not yet had to respond in this case. Third, the Plaintiffs have not only failed to respond to this court's Order to Show Cause but have also failed to respond to a notice of deficiency for failure to file a financial disclosure statement. Fourth, this court cannot proceed without jurisdiction. *See, e.g., Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). However, any harm to the Plaintiffs is mitigated because the court will dismiss the Plaintiffs' Complaint without prejudice.

Therefore, because Plaintiffs have failed to respond to this court's Order or demonstrate good cause for their failure to do so, Plaintiffs' Complaint is hereby DISMISSED WITHOUT PREJUDICE.

SO ORDERED this 9th day of February, 2022.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE